IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIRACLE TEMPLE CHRISTIAN ACADEMY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| CHURCH MUTUAL INSURANCE COMPANY, | : | NO. 12-00995 |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                             April 16 , 2012

      Currently pending before the Court is the Motion of Defendant Church Mutual Insurance Company ("Church Mutual" or "Defendant") to partially dismiss the Complaint of Plaintiff Miracle Temple Christian Academy ("Miracle Temple" or "Plaintiff"). For the following reasons, the Motion is granted.

**I.     FACTS AND PROCEDURAL HISTORY**

      This action stems from an insurance policy contract dispute between Plaintiff Miracle Temple and Defendant Church Mutual. According to the facts set forth in Plaintiff's Complaint,[1] Miracle Temple is a religious institution that provides cultural and religious services to the Philadelphia community. (Compl. ¶ 1.) Church Mutual is a Wisconsin-based insurance company legally

---

[1] Plaintiff originally filed its Complaint in the Court of Common Pleas in Philadelphia County on January 24, 2012. On March 6, 2012, Defendant removed the action to federal court. Therefore, all references herein to Plaintiff's Complaint relate to the original Complaint filed in the Court of Common Pleas.

authorized to operate within the Commonwealth of Pennsylvania. (Id. ¶ 2.) In June of 2008, the parties entered into an insurance policy contract, under which Defendant was to provide insurance coverage for Plaintiff's business and personal property, as well as income protection for other losses occurring on Plaintiff's property. (Id. ¶ 5; Defs.' Mot. Dismiss, Ex. A, Common Policy Declarations Page ("the Insurance Policy").) At all relevant times, Church Mutual provided general commercial and casualty liability insurance to Miracle Temple. (Compl. ¶¶ 3, 5.)

On March 18, 2010, Miracle Temple suffered wind and water damage to one of its buildings. (Id. ¶ 6.) Plaintiff reported the loss and forwarded all necessary information to Church Mutual, including the estimated amount of loss. (Id. ¶¶ 7, 8.) Thereafter, Church Mutual informed Miracle Temple that the amount of the estimated loss was not fully covered by the Insurance Policy. (Id. ¶ 9.) Miracle Temple, however, maintains that the losses were fully covered by the Insurance Policy. To date, Miracle Temple's property remains damaged, and Church Mutual allegedly continues to refuse to make any payments on the Insurance Policy claim.[2]

Plaintiff initiated the instant action by filing its Complaint on January 24, 2012, asserting three counts against Defendant: (1) breach of contract (Count I); (2) bad faith in violation of 42 Pa. C.S.A. § 8371 (Count II); and (3) common law fraud (Count III). On February 28, 2012, Defendant filed the present partial Motion to Dismiss Counts II and III of Plaintiff's Complaint. Plaintiff filed a Response in Opposition on March 20, 2012, and Defendant replied on March 27, 2012. The Court will now consider the merits of Defendant's Motion.

---

[2] On this point, Defendant asserts that it paid Miracle Temple $27,065.50 for a portion of the claim covered by the Insurance Policy. (Def. Mot. Dismiss 3.) In support of this assertion, Defendant attached a copy of a check in this amount, which Plaintiff accepted and cashed on July 13, 2011. (See id.; Ex. C, Church Mutual Check.)

**II.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc.,

No. Civ.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); <u>Spence v. Brownsville Area Sch. Dist.</u>, No. Civ.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Fed. R. Civ. P. 8; <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Pinkerton v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

#### A. Bad Faith

The Pennsylvania General Assembly has promulgated a statute under which insurers may be held liable for their "bad faith" actions towards insureds.[3] While the statute does not explicitly define "bad faith," both the Pennsylvania federal and state courts have recognized that, in the insurance context, "bad faith" is synonymous with "frivolous or unfounded refusal to pay proceeds of a policy." <u>Keefe v. Prudential Prop. & Cas. Ins. Co.</u>, 203 F.3d 218, 225 (3d Cir. 2000) (internal

---

[3] The statute provides, in relevant part, that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

citations and quotations omitted); Treadways, LLC v. Travelers Indem. Co., No. Civ.A.08-4751, 2011 WL 1672022, at *2–3 (E.D. Pa. May 4, 2011) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)) (further citation omitted); Atiyeh v. Nat'l Fire Ins. Co., 742 F. Supp. 2d 591, 598 (E.D. Pa. 2010) (internal citations omitted). In order to prevail on a bad faith claim, a claimant must show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. Keefe, 203 F.3d at 225 (3d Cir. 2000) (further citation omitted). The "clear and convincing" standard requires a claimant to show that "the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (internal quotations and citation omitted). Moreover, the claimant must show that the insurer acted in bad faith based on some motive of self-interest or ill will. Atiyeh, 742 F. Supp. 2d at 598 (citing Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). In doing so, a claimant need not show that the insurer's conduct was fraudulent, but mere negligence or bad judgment is insufficient to make out a claim based on bad faith. Id.

In the instant case, Defendant asserts that Miracle Temple fails to allege facts sufficient to establish that Church Mutual lacked a reasonable basis for denying benefits under the policy. (Def. Mot. Dismiss 12.) The Court agrees. In its Complaint, Miracle Temple conclusively states that: "Defendant has refused to provide coverage pursuant to said claim of damages[.]" (Compl. ¶ 20.) Plaintiff further avers that "Defendant's failure to accept the claim of damages . . . involves that of bad faith as there is no legitimate and reasonable basis by which to deny the clear and convincing evidence of harm evidenced on Plaintiff's property" and that such "actions constitute those

compensable . . . [under] Section 8371." (Id. ¶¶ 22, 23.) These averments, however, are nothing more than mere conclusory legal statements. The law is clear that "all civil complaints must [ ] set out 'sufficient factual matter' to show that the claim is facially plausible," and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948–49 (2009). Here, "[c]ompletely absent from the complaint are any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred." Blasetti v. Allstate Ins. Co., No. Civ.A.11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (quoting Liberty Ins. Corp. v. PGT Trucking, Inc., No. Civ.A. 11-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)) (internal quotation marks and alterations omitted). Miracle Temple has provided no factual allegations indicating that Church Mutual lacked a reasonable basis for denying the policy benefits, or that it knew or recklessly disregarded a lack of reasonable basis when it did so. Nor has Miracle Temple alleged any facts that would support a finding that Church Mutual acted for a "dishonest purpose" or that its actions were motivated by self-interest or ill will. Therefore, given the lack of sufficient factual averments, Defendant's Motion to Dismiss Plaintiff's claim of bad faith is granted.

      **B.**    **Common Law Fraud**

Rule 9(b) of the Federal Rules of Civil Procedure provides that, when alleging a cause of action based on fraud, "a party must state *with particularity* the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b) (emphasis added). Rule 9(b) applies with equal force to fraud actions under federal statutes as to those actions that are based on state law but brought in federal court. See Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983). Under Pennsylvania law, the six elements of a common law fraud action are: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of

misleading another to rely on it; (5) justifiable reliance resulted; and (6) injury was proximately caused by reliance. Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005) (citing Viguers v. Philip Morris USA, Inc., 837 A.2d 534 (Pa. Super. Ct. 2003)). In order to survive a motion to dismiss, the plaintiff's complaint must "plead or allege the date, time and place of the alleged fraud[,] or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200 (citing Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004)).

Here, Plaintiff has once again failed to sufficiently state a claim upon which relief can be granted. At no point in its Complaint does Miracle Temple point to any factual allegations supporting a valid fraud claim, let alone state with any reasonable particularity any circumstances indicating fraud on Church Mutual's part. Nor does the Complaint make any reference to any facts supporting any of the elements of common law fraud under Pennsylvania law. Rather, Miracle Temple merely baldly states that "Defendant's actions, schemes, misrepresentations and failure to pay said claim constitutes common law fraud," without ever providing a date, time, or place for when such alleged "schemes" and "misrepresentations" occurred. Such "bare bones" conclusory statements are insufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). As such, Plaintiff's claim based on a common law fraud action is likewise dismissed.

## IV.   CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint is granted.

An appropriate Order follows.